UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES EUGENE MOORE,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.     ) | Case No. 2:19-cv-1389-LCB-GMB |
| ) | |
| RADARIUS STOREY, *et al.*,     ) | |
| ) | |
| Defendants.     ) | |

## **MEMORANDUM OPINION**

The Magistrate Judge filed a report and recommendation on October 19, 2020, recommending the defendants' motion for summary judgment be granted and this action be dismissed with prejudice. Doc. 40. The Magistrate Judge advised the plaintiff of his right to file specific written objections within fourteen (14) days. Doc. 40. On October 30, 2020, the plaintiff filed timely objections to the report and recommendation. Doc. 41.

In his complaint and response to the defendants' motion for summary judgment, the plaintiff alleged that Defendants Storey and Howard "beat him bloody" with "excessive force." Docs. 1 at 5 & 36 at 1. He further claimed that Defendant Sergeant Luitze filed a false disciplinary report concerning this incident and that the defendant wardens placed him in segregation based on an investigation of a prior incident, and then did not release him within 24 hours. Docs. 1 at 5 & 36

at 2. In his objections, the plaintiff merely recites, almost verbatim, these prior claims. Doc. 41. The plaintiff's objections lack merit.

In the order directing the plaintiff to respond to the defendants' motion for summary judgment, the plaintiff was advised that "the party opposing the motion may not counter it by depending upon the mere allegations in the pleadings. The party opposing the motion must respond with counter-affidavits and/or documents to set forth specific facts demonstrating the existence of a genuine dispute of material fact to be litigated at trial." Doc. 35 at 1–2. Despite this guidance, the plaintiff responded by filing only an unsworn statement. Doc. 36. In his objections, rather than specifically identifying all findings of fact and recommendations to which he objects, the plaintiff repeats the same vague and conclusory statements he set forth in his prior pleadings. The plaintiff again failed to file any affidavits or sworn statements in support of his claims and again failed to produce the evidence and photographs he claims to possess. *See, e.g.*, Doc. 41 at 2.

The plaintiff objects to the recommendation that summary judgment be granted in favor of the defendants on his excessive force claims. The plaintiff denies using foul language and spitting on Defendant Officers Radarius Storey and Jajuan Howard (Doc. 41 at 1), but again fails to provide any statement to that effect under oath. Rather, the plaintiff merely repeats vague assertions from his prior pleadings, including that "this excessive force was not applied in a good faith effort and was in

2

fact administered maliciously and sadistically to cause me harm and there was no need for application of the force." Doc. 41 at 1–2.  The plaintiff now requests "production of the video [that's located] outside of B&C Dorm" (Doc. 41 at 3), despite the court having already ordered the defendants to produce any video of the incident and Warden Leon Bolling having stated under oath that no such video exists. Doc. 39-1.  Similarly, the plaintiff again claims to have photographs, witnesses, and medical records supporting his claims (Doc. 41 at 2–3), but has never submitted this evidence to the court.

Because the plaintiff has failed to provide any evidence which supports his excessive force claim, the objection is OVERRULED. *See Glasscox v. City of Argo*, 903 F.3d 1207, 1213 (11th Cir. 2018) ("Conclusory allegations and speculation are insufficient to create a genuine issue of material fact."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (affirming summary judgment against the inmate when he "produced nothing, beyond his own conclusory allegations"); *Burke v. Bowns*, 653 F. App'x 683, 693 (11th Cir. 2016) (holding that court did not err in granting summary judgment based on, *inter alia*, a lack of a sworn response where magistrate judge made clear that sworn statements would be necessary to rebut the evidence that defendants attached to their special report).

The plaintiff next objects to the finding that the alleged violation of the "24-hour" rule fails to state a viable claim. Doc. 41 at 2.  The plaintiff asserts that

3

Wardens Givens and Jones "violated a 24 hour rule[;] that's a claim called 'unjustified segregation' from the general population and 'prolonged solitary confinement' when my 24 hour investigation had been up." Doc. 41 at 2.  In support of his claim of a procedural due process violation, the plaintiff directs the court to *Wilkinson v. Austin*, 545 U.S. 209 (2005).  That case involved "the process by which Ohio classifies prisoners for placement at its highest security prison, known as a 'Supermax' facility.  Supermax facilities are maximum-security prisons with highly restrictive conditions." *Wilkinson*, 545 U.S. at 213.  *Wilkinson* concerned indefinite placement in such a facility, where "inmates are deprived of almost any environmental or sensory stimuli and of almost all human contact." *Id*. at 214.  In contrast, the plaintiff's temporary assignment to administrative segregation for several days pending an investigation "is well within the terms of confinement ordinarily contemplated by a prison sentence." *Anthony v. Warden*, 823 F. App'x 703, 707 (11th Cir. 2020) (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)).  Nor does the plaintiff present any evidence that the conditions in segregation "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The plaintiff's claim that the defendant wardens violated his rights based on an administrative "24 hour" rule fails to state a claim upon which relief may be granted.  The plaintiff's objection on this basis is OVERRULED.

4

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections thereto, the objections are OVERRULED, the Magistrate Judge's report is ADOPTED and the recommendation is ACCEPTED. The court EXPRESSLY FINDS that there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment (Doc. 34) is due to be granted and this action is due to be dismissed with prejudice.

A Final Judgment will be entered separately.

**DONE** and **ORDERED** January 20, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE